UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STUART TARMY AND OTHERS )
SIMILARLY SITUATED, )
)
Plaintiffs, )
)
v. ) Civil Action No. 04-CV-10130-RCL
)
CHARLES RIVER SYSTEMS, INC. d/b/a/ )
CHARLES RIVER DEVELOPMENT )
)
Defendant. )

## ANSWER OF DEFENDANT CHARLES RIVER DEVELOPMENT

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, defendant Charles River Systems, Inc. d/b/a Charles River Development, Inc. ("Defendant") hereby responds to the allegations contained in the complaint (the "Complaint") filed by plaintiff Stuart Tarmy ("Tarmy") as follows:

### Introduction

1.  Paragraph 1, entitled "Introduction", contains introductory statements and conclusions of law to which no response is required. To the extent that this paragraph contains allegations of fact, Defendant denies them.

### Jurisdiction

2.  The allegations contained in Paragraph 2 state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Defendant denies them.

3. The allegations contained in Paragraph 3 state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Defendant denies them.

### Venue

4. The allegations contained in Paragraph 4 state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Defendant denies them.

### Parties

5. Upon information and belief, Defendant admits the allegations contained in Paragraph 5.

6. Defendant admits the allegations contained in Paragraph 6.

### Facts

7. The allegations contained in Paragraph 7 refer to the contents of a document attached at Exhibit A to the Complaint that speaks for itself. Defendant denies the allegations to the extent that they exceed or mischaracterize such document or its contents.

8. Defendant admits the allegations in the first sentence of Paragraph 8. Defendant admits that the allegations in the second sentence of Paragraph 8 to the extent that they allege that Defendant and Tarmy negotiated Tarmy's base salary, the amount of stock options and the percentage of commissions. Defendant denies the remaining allegations in Paragraph 8, including the characterization of the term "wages" as used therein.

9. The allegations contained in Paragraph 9 refer to the contents of a document attached at Exhibit A to the Complaint that speaks for itself. Defendant denies the allegations to

the extent that they exceed or mischaracterize such document or its contents, including the characterization of the term "wages" as used therein.

10. The allegations contained in Paragraph 10 state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Defendant denies them.

11. Defendant admits the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13, except to admit that on November 15, 2001, Peter Lambertus, the President and Chief Executive Officer of Defendant, informed Tarmy that his employment was being terminated.

14. Defendant denies the allegations in the first sentence of Paragraph 14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 14 and on this basis denies those allegations.

15. Defendant denies the allegations in the first sentence of Paragraph 15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 15 and on this basis denies those allegations.

16. Defendant denies the allegations in Paragraph 16.

17. The allegations contained in Paragraph 17 state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Defendant denies them.

18. The allegations contained in Paragraph 18 state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Defendant denies them.

19. The allegations contained in Paragraph 19 refer to the contents of a document attached at Exhibit B to the Complaint that speaks for itself. Defendant denies the allegations to the extent that they exceed or mischaracterize such document or its contents.

### Count I: Tarmy v. CRD (M.G.L. ch. 149)

20. Defendant repeats and incorporates its responses to the allegations contained in Paragraphs 1 through 19, as if fully set forth here.

21. To the extent the allegations of Paragraph 21 refer to "wages", such allegations state conclusions of law to which no response is required. To the extent the allegations contain averments of fact regarding Defendant's promise to provide Tarmy a base salary and commission payments, Defendant admits those allegations. To the extent the allegations contain averments of fact regarding Defendant's promise to provide Tarmy with compensation and benefits other than base salary and commission payments, Defendant admits those allegations, but denies that those items constitute "wages."

22. The allegations of Paragraph 22 state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Defendant denies those allegations.

23. The allegations of Paragraph 23 state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Defendant denies those allegations.

### Count II: Others Similarly Situated v. CRD (M.G.L. ch. 149)

24. Defendant repeats and incorporates its responses to the allegations contained in Paragraphs 1 through 23, as if fully set forth here.

BOSTON 1946420v2

25. Count II of the Complaint is the subject of a Motion to Dismiss which was served on the Plaintiff on July 19, 2004. Accordingly, no response is required. To the extent that further response is deemed to be required the allegations of Paragraph 25 state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Defendant denies those allegations.

26. Count II of the Complaint is the subject of a Motion to Dismiss which was served on the Plaintiff on July 19, 2004. Accordingly, no response is required. To the extent that further response is deemed to be required, the allegations of Paragraph 26 state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Defendant denies those allegations.

27. Count II of the Complaint is the subject of a Motion to Dismiss which was served on the Plaintiff on July 19, 2004. Accordingly, no response is required. To the extent that further response is deemed to be required, the allegations of Paragraph 27 state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Defendant denies those allegations.

<u>Count III: Tarmy v. CRD (Breach of Contract)</u>

28. Defendant repeats and incorporates its responses to the allegations contained in Paragraphs 1 through 27, as if fully set forth here.

29. The allegations of Paragraph 29 state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Defendant denies those allegations.

BOSTON 1946420v2

30. The allegations of Paragraph 30 state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Defendant denies those allegations.

31. The allegations of Paragraph 31 state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Defendant denies those allegations.

### Count IV: Tarmy v. CRD (Wrongful Termination)

32. Defendant repeats and incorporates its responses to the allegations contained in Paragraphs 1 through 31, as if fully set forth here.

33. The allegations of Paragraph 33 state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Defendant denies those allegations.

34. The allegations of Paragraph 34 state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Defendant denies those allegations.

35. The allegations of Paragraph 35 state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Defendant denies those allegations.

36. The allegations of Paragraph 36 state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Defendant denies those allegations.

### Count V: Tarmy v. CRD (Fraud/Misrepresentation/Deceit)

37. Defendant repeats and incorporates its responses to the allegations contained in Paragraphs 1 through 36, as if fully set forth here.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. The allegations of Paragraph 41 state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Defendant denies them.

42. Defendant denies the allegations in Paragraph 42.

43. The allegations of Paragraph 43 state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Defendant denies those allegations.

### Count VI: Tarmy v. CRD (Estoppel)

44. Defendant repeats and incorporates its responses to the allegations contained in Paragraphs 1 through 43, as if fully set forth here.

45. Defendant denies the allegations in Paragraph 45.

46. The allegations of Paragraph 46 state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46 and on this basis denies those allegations.

47. Defendant denies the allegations in Paragraph 47.

48. The allegations of Paragraph 48 state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Defendant is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and on this basis denies those allegations.

49.     The allegations of Paragraph 49 state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Defendant denies those allegations.

## FIRST AFFIRMATIVE DEFENSE

As to each Count of the Complaint, the allegations fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As to each Count of the Complaint, without conceding Plaintiff has suffered any damages as a result of any wrongful act of the Defendant, Plaintiff has failed to mitigate his damages.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered the damages alleged in his Complaint, which is expressly denied, Defendant's actions or omissions did not proximately cause the alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered the damages alleged in his Complaint, which is expressly denied, such damages are too speculative to be recovered.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrines of waiver, laches, estoppel and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

The payments sought by Plaintiff do not constitute "wages" under M.G.L. ch. 149 §148.

## SEVENTH AFFIRMATIVE DEFENSE

With respect to any and all claims founded upon the alleged existence of an employment contract between the Plaintiff and Defendant, or the conditions upon which Plaintiff's employment could be terminated, the existence of such contract is expressly denied. Plaintiff was an at-will employee and could be terminated by the Defendant without notice or cause.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent he consented to the actions of which he now complains.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim in Count III is barred because Defendant has not breached any contract with Plaintiff and has fulfilled all of its duties and obligations to Plaintiff

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's breach of contract claim fails because Defendant's alleged obligations are contradicted by the plain language of the agreement and barred by the statute of frauds.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has accepted valuable consideration in full satisfaction of Defendant's obligations to him, and thus, Plaintiff's claims in Counts III, V and IV are barred by the doctrine of accord and satisfaction.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant states that its actions with respect to Plaintiff were at all times reasonable, privileged and justified by legitimate business needs.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has received wages or benefits from employment, self-employment, social security, unemployment compensation or workers' compensation after his employment with Defendant ceased, Defendant is entitled to a set-off of those amounts.

## FOURTEENTH AFFIRMATIVE DEFENSE

Count II of the Complaint fails to state a claim because it does not plead the necessary elements for a class action under Federal Rule of Civil Procedure 23.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant intends to rely upon such other and further defenses as may become apparent during discovery, and reserves the right to amend this Answer to assert such defenses.

WHEREFORE, Defendant requests that this Court:

1. Dismiss the Complaint with prejudice in its entirety or enter judgment in Defendant's favor;

2. Deny all relief requested by Plaintiff;

3. Award Defendant its reasonable attorneys' fees, costs and expenses incurred in defending this action; and

4. Grant to Defendant such further relief as is just, warranted and reasonable under the circumstances.

CHARLES RIVER SYSTEMS, INC. d/b/a/
CHARLES RIVER DEVELOPMENT

By its attorneys,

_____
Laura E. Schneider (MA Bar #562030)
Jessica A. Foster (MA Bar #636841)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Dated: July 19, 2004

## CERTIFICATE OF SERVICE

I, Jessica A. Foster, hereby certify that on July 19, 2004, I caused a copy of the foregoing Answer to be served, by hand, upon counsel for the plaintiff.

_____
Jessica A. Foster

BOSTON 1946420v2