UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STUART TARMY AND OTHERS )
SIMILARLY SITUATED, )
   )
   Plaintiffs, )
   )
v. ) Civil Action No. 04-10992-GAO
   )
CHARLES RIVER SYSTEMS, INC. d/b/a/ )
CHARLES RIVER DEVELOPMENT )
   )
   Defendant. )

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Charles River Systems, Inc. d/b/a/ Charles River Development ("CRD") moves to dismiss Count II of plaintiff Stuart Tarmy's Complaint on the grounds that plaintiff failed to plead the elements needed to assert a class action under Federal Rule of Civil Procedure 23.

In Count II of the Complaint, the Plaintiff, on behalf of "others similarly situated," alleges a violation of the Massachusetts Wage Act (Mass. Gen. Laws Ann. ch. 149 (West 1996)). (Complaint ¶¶ 24-27) (the "Wage Act"). The Wage Act states that "[a]ny employee claiming to be aggrieved by a violation of [a provision of the Act] may . . . institute and prosecute in his own name and on his own behalf, or for himself and for others similarly situated, a civil action." Mass. Gen. Laws Ann. ch. 149 § 150 (West 1996). However, class action status does not automatically ensue upon the filing of a Wage Act complaint, but can only be established where the claimant has complied with the relevant state or federal rule of civil procedure as to class actions. See Williamson v. D.T. Management, Inc., 2004 Mass. Super. LEXIS 141, *45-46 (Mass. Super. Ct. 2004). Thus, the plaintiff must demonstrate that the requirements of Federal

Rule of Civil Procedure 23 ("Rule 23") are satisfied to state a claim for a Wage Act class action in federal court.

Under Rule 23, there are four prerequisites to a class action: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a); see Bass v. Boston Five Cent Sav. Bank, 478 F. Supp. 741, 744 (D. Mass. 1979). The burden of establishing a right to maintain a class action lies with the party that seeks to make use of the procedure. Bass, 478 F. Supp. at 745; Smilow v. Southwestern Bell Mobile Sys., Inc., 323 F.3d 32, 38 (1st Cir. 2003). For an action to go forward under Rule 23, the "complainant must allege the existence which satisfy the requirements of the rule." Bass at 475. See also 7A Charles Alan Wright & Arthur R. Miller Federal Practice and Procedure § 1798 (1972).

In Bass, the Court noted that, other than numerosity, Plaintiffs had alleged "no facts which would render the class action procedure appropriate" and denied class action status. Bass at 475. Similarly, in Cook County College Teachers Union v. Byrd, a case upon which Bass relied, the Seventh Circuit affirmed the dismissal of class action claim and opined that, under Rule 23, the plaintiff was "obliged in its complaint to allege facts bringing the action within the appropriate requirements of the Rule." 456 F.2d at 882, 885, (7th Cir 1972)(citations omitted).[1]

---

[1] It should be noted that, in order to move forward on a class basis, plaintiff would have to do more than simply recite the Rule 23 elements. Ahrens v. Bowen, 646 F. Supp. 1041, 1047 (E.D.N.Y. 1986) ("An action is not maintainable as a class action simply because it is designated as such in the pleadings. More is required than the mere conclusory allegations in the complaint which parrot the language of Rule 23 as in the instant case. . . . Where, as here, there is merely a recitation in the complaint that each of these [Rule 23] requirements is satisfied, the court is not bound to find that class treatment is proper.") (internal citations omitted).

Asserting only that "[o]thers similarly situated have also worked for Charles River Development and not received proper compensation as required by law" (Complaint ¶ 17), the Plaintiff does not state a claim for which relief can be granted. Plaintiff has neglected to even allege the relevant Rule 23 requirements, let alone allege specific facts as to each. Accordingly, the Defendant respectfully moves this Court to dismiss Count II of the Complaint.

### REQUEST FOR ORAL ARGUMENT

Because Charles River Development believes that oral argument will assist the Court in deciding this matter, it respectfully requests a hearing as to its Partial Motion to Dismiss.

### LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to LR 7.1(A)(2), counsel for Defendants certify that they have conferred with counsel for the Plaintiff and have attempted in good faith to resolve or narrow the issues addressed in this Motion.

CHARLES RIVER SYSTEMS, INC. d/b/a/
CHARLES RIVER DEVELOPMENT

By its attorneys,

_____
Laura E. Schneider (MA Bar #562030)
Jessica A. Foster (MA Bar #636841)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Dated: July 19, 2004

### CERTIFICATE OF SERVICE

I, Jessica A. Foster, hereby certify that on July 19, 2004, I caused a copy of the foregoing Answer to be served, by hand, upon counsel for the plaintiff.

_____
Jessica A. Foster