UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Docket No.: 04-10992-GAO

*****************************************
                                          )
STUART TARMY and                          )
OTHERS SIMILARLY SITUATED,                )
      Plaintiffs                          )
                                          )
v.                                        )
                                          )
CHARLES RIVER SYSTEM, INC. d/b/a          )
CHARLES RIVER DEVELOPMENT,                )
      Defendant                           )
                                          )
*****************************************

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUT II OF THE COMPLAINT

The Defendant has moved this Court to dismiss Count II of Plaintiff's Complaint on the grounds that plaintiff failed to please the elements needed to assert a class action under Federal Rules of Civil Procedure 23. The Defendant argues that because Count II of the Complaint alleges violation of the Massachusetts Wage Act by "others similarly situated," the Plaintiff must demonstrate that the requirement of Federal Rule of Civil Procedure 23 ("Rule 23") are satisfied to state a claim for Wage Act class action in federal Court. The Defendant's argument is incorrect for the foregoing reasons.

Defendant CRD improperly relies upon the Superior Court decision of Williamson v. DT Management, 2004 WL 1050582 (Mass. Super. 3-10-04) in support of its motion to dismiss. In fact, CRD's motion relies heavily upon the Williamson court's finding that the plaintiffs had not met the requirements of Mass. R. Civ. P. 23. While Williamson initially appears analogous to Tarmy's claim in that it is a Wage Act case in which an "others similarly situated claim" was likely alleged, the case is easily

distinguishable. The <u>Williamson</u> court was not faced with a motion to dismiss. 2004 WL 1050582 at *14-15. Rather, the court rejected the plaintiff's motion for class certification. Here, the applicable standard of review is significantly different, and works in plaintiff's favor, as noted by the United States District Court for the District of Massachusetts. <u>Barrett v. Avco Financial Services Management Co.</u>, 292 B.R. 1 (D. Mass. 2003).

In <u>Barrett</u>, a federal magistrate reviewed a motion to strike class allegations contained within a complaint arising out of a bankruptcy matter. <u>Id.</u> at 1. Although the case did not deal with the Wage Act, it addressed an "others similarly situated" claim which was challenged prior to the onset of discovery. <u>Id.</u> at 11. The court utilized the 12(b)(6) standard of review, and thus all inferences were drawn in plaintiff's favor. <u>Id.</u> at 3. In allowing the motion to strike as it pertained to a nationwide class, but denying the motion with regard to a Massachusetts class, the magistrate noted that the burden was on the defendant/moving-party and that all reasonable inferences must be construed in the plaintiff's favor. <u>Id.</u> In so doing, the court found that the defendant's argument that the Rule 23 elements had not been met were "premature." <u>Id.</u>

It should be noted that <u>Barrett</u> relies heavily upon a parallel case against the same defendant in the District of Rhode Island, which denied a similar motion but warned that dismissal would be warranted "for failure to properly allege facts sufficient to make out a class or [where] plaintiff could establish no facts to make out a class." <u>Bessette v. Avco Financial Services, Inc.</u>, 279 B.R. 442, 450 (D. R.I. 2002). The court also noted that a class-like claim at the 12(b)(6) level would be held to a standard at which "the bar is not as high" as a challenge at the class certification level.

Pursuant to <u>Bassett</u> and <u>Bessette</u>, dismissal is premature at this point. The proper procedure would be to proceed with discovery to determine whether there are any "others similarly situated." See <u>Sweet v. Superior Steel and Precast Erectors, Inc.</u>, 2001 WL 34048064 at *2 (3-28-01) (allowing discovery, including ex parte communications with defendant's employees, in order to determine whether any "others similarly situated" may be joined to c. 149 action); <u>Hoffman-La Roche, Inc. v. Sperling</u>, 110 S.Ct. 482 (1989) (allowing district court to permit discovery of the names and addresses of "employees similarly situated.")

Accordingly, Defendant's motion to dismiss Count II of the Complaint should be denied.

## REQUEST FOR ORAL ARGUMENT

Because both parties believe that oral argument will assist the Court in deciding this matter, the plaintiff respectfully joins the defendant in requesting a hearing on defendant's Partial Motion to Dismiss.

Respectfully submitted,
PLAINTIFFS
By their attorney,

Ara J. Balikian (BBO#630576)
Kristen M. Hurley (BBO#658237)
Gordon and Balikian, LLP
535 Boylston Street, 6th Floor
Boston, MA 02116
Tel. 617-536-1801

## Certificate of Service

I, Ara J. Balikian, attorney for the plaintiff in the above-captioned action hereby certify that I served a true and accurate copy of the foregoing Opposition upon counsel for the defendant, Jessica A. Foster, Esq., Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109, via first class US Mail, on September 17, 2004.

_____
Ara J. Balikian