UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 SEP 27 P 4: 45
U.S. DISTRICT COURT
DISTRICT OF MASS.

STUART TARMY AND OTHERS )
SIMILARLY SITUATED, )
 )
 )
Plaintiffs, )
 )
v. ) Civil Action No. 04-10992-GAO
 )
CHARLES RIVER SYSTEMS, INC. d/b/a/ )
CHARLES RIVER DEVELOPMENT )
 )
Defendant. )
_____ )

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER THE GRANT OF THE MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT**

On August 31, 2004, this Court granted Defendant's Motion To Dismiss Count II Of Plaintiff's Complaint (the "Motion To Dismiss"), which was unopposed by the plaintiff, Stuart Tarmy.[1] More than two weeks after the Court's decision and almost one month after defendant Charles River Systems, Inc. d/b/a/ Charles River Development ("CRD") served the Motion to Dismiss, plaintiff filed a Motion to Reconsider The Grant Of Defendant's Motion To Dismiss Count II of Plaintiff's Complaint (the "Motion to Reconsider") on the sole and insufficient ground that his "counsel prepared Plaintiff's Opposition to Defendant's Motion To Dismiss, but inadvertently neglected to file it in a timely manner." Plaintiff's Opposition, which was appended to the Motion to Reconsider, should not be considered due to its acute untimeliness under the well established rules of this Court. District Ct. for the District of Mass. LR 7.1(B)(2) (allowing a party fourteen days to file an opposition after being served with a motion).

---

[1] Count II of Plaintiff's Complaint alleged a violation of the Massachusetts Wage Act on behalf of "others similarly situated" to the Plaintiff. (Complaint ¶¶ 24-27). Defendant argued that Plaintiff failed to state a claim upon which relief could be granted, as the Complaint asserted only that "[o]thers similarly situated have also worked for Charles River Development and not received proper compensation as required by law" (Complaint ¶ 17) and did not allege the existence of facts necessary to state a class action claim. The Court granted the Motion to Dismiss "for the reasons advanced by the defendant in its memorandum of law in support of its motion." August 31, 2004 Order, Motion to Dismiss.

CRD also opposes the Motion to Reconsider because plaintiff failed to comply with the local rules regarding consultation with opposing counsel prior to filing the Motion to Reconsider. The local rules require that, before filing *any* motion, counsel must "certify that they have conferred and have attempted in good faith to resolve or narrow the issue." District Ct. for the District of Mass. LR 7.1(A)(2). Plaintiff's counsel never contacted Defendant's counsel at any time following his receipt of the Motion to Dismiss, including with respect to the filing of the Motion to Reconsider. Moreover, the Motion to Reconsider was filed without a supporting memorandum of reasons as required by Local Rule 7.1(B)(1), and was devoid of any case law supporting plaintiff's position that this Court should reverse its Order and consider plaintiff's late Opposition.

Finally, it is noteworthy that the Court's dismissal of Count II of the Complaint does not prejudice the rights nor the remedies of the sole named plaintiff in any way. Accordingly, there is no compelling reason for the Court to make an allowance for plaintiff's late Opposition in this instance.

For all of these reasons, CRD respectfully requests that this Court uphold its August 31, 2004 Order and deny plaintiff's Motion to Reconsider.

CHARLES RIVER SYSTEMS, INC. d/b/a/
CHARLES RIVER DEVELOPMENT

By its attorneys,

_____
Laura E. Schneider (BBO #562030)
Jessica A. Foster (BBO #636841)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Dated: September 27, 2004

### CERTIFICATE OF SERVICE

I, Jessica A. Foster, hereby certify that on September 27, 2004, I caused a copy of the foregoing Answer to be served, by hand, upon counsel for the plaintiff.

_____
Jessica A. Foster